**FILED**

UNITED STATES DISTRICT COURT     JAMES J. VILT, JR. - CLERK

WESTERN DISTRICT OF KENTUCKY

AT LOUISVILLE

**MAY 1 9 2022**

**U.S. DISTRICT COURT**
**WEST'N. DIST. KENTUCKY**

UNITED STATES OF AMERICA

                                                    INFORMATION

v.

                                    NO. 3:22-CR-48-DJH

                                    18 U.S.C. § 2261A(2)(B)

**BRYAN ANDREW WILSON**                          18 U.S.C. § 371


The United States Attorney Charges:

<u>COUNT 1</u>

(*Conspiracy—Stalking*)

In or about and between September 2020 and October 2020, the exact dates being unknown, in the Western District of Kentucky, Bullitt County, Kentucky, and elsewhere, the defendant, **BRYAN ANDREW WILSON**, conspired with others known and unknown to the United States Attorney, to use any interactive computer service and electronic communication service and electronic communication system of interstate commerce with the intent to harass and intimidate another person, to engage in a course of conduct that causes, attempts to cause, and would be reasonably expected to cause substantial emotional distress to a person, in violation of 18 U.S.C. § 2261A(2)(B), to wit:

<u>Manner and Means of the Conspiracy</u>

1. As part of the conspiracy, **BRYAN ANDREW WILSON** and another person unknown to the United States Attorney identified computer applications belonging to women and hacked those computer applications and stole compromising photographs and other information.

2. **BRYAN ANDREW WILSON** contacted women via text messages and threatened to publish stolen compromising photographs unless those women provided additional compromising photographs to him.

<u>OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY</u>

3. Between September 2020 and October 2020, **BRYAN ANDREW WILSON**, assisted by another person, hacked computer applications and stole compromising photographs of Jane Doe 1, and then contacted Jane Doe 1 via text messages and threatened to publish those photographs unless Jane Doe 1 provided additional compromising photographs.

4. In September 2020, **BRYAN ANDREW WILSON**, assisted by another person, hacked computer applications and stole compromising photographs of Jane Doe 2, and then contacted Jane Doe 2 via text messages and threatened to publish those photographs unless Jane Doe 2 provided additional compromising photographs.

5. In October 2020, **BRYAN ANDREW WILSON**, assisted by another person, hacked computer applications and stole compromising photographs of Jane Doe 3, and then contacted Jane Doe 3 via text messages and threatened to publish those photographs unless Jane Doe 3 provided additional compromising photographs.

6. In October 2020, **BRYAN ANDREW WILSON**, assisted by another person, hacked computer applications and stole compromising photographs of Jane Doe 4, and then contacted Jane Doe 4 via text messages and threatened to publish those photographs unless Jane Doe 4 provided additional compromising photographs.

7. In October 2020, **BRYAN ANDREW WILSON**, assisted by another person, hacked computer applications and stole compromising photographs of Jane Doe 5, and then

contacted Jane Doe 5 via text messages and threatened to publish those photographs unless Jane Doe 5 provided additional compromising photographs.

8. In September 2020, **BRYAN ANDREW WILSON**, assisted by another person, hacked computer applications and stole compromising photographs of Jane Doe 6, and then contacted Jane Doe 6 via text messages and threatened to publish those photographs unless Jane Doe 6 provided additional compromising photographs.

In violation of Title 18, United States Code, Sections 371 and 2261A(2)(B).


MICHAEL A. BENNETT
UNITED STATES ATTORNEY


MAB:DW:SMZ:km

UNITED STATES OF AMERICA v. BRYAN ANDREW WILSON

## P E N A L T I E S

Count 1:  NM 5 yrs./$250,000/both/NM 3 yrs. Supervised Release

## N O T I C E

### ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.

### SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual | Felony: | $100 per count/individual |
| | $125 per count/other | | $400 per count/other |

### FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due immediately unless the court issues an order requiring payment by a date certain or sets out an installment schedule.  You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court.  18 U.S.C. § 3571, 3572, 3611, 3612

### Failure to pay fine as ordered may subject you to the following:

1.  **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

   For offenses occurring after December 12, 1987:

   No **INTEREST** will accrue on fines under $2,500.00.

   **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing.  This rate changes monthly.  Interest accrues from the first business day following the two week period after the date a fine is imposed.

   **PENALTIES** of:

   10% of fine balance if payment more than 30 days late.

   15% of fine balance if payment more than 90 days late.

2.  Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3.  Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

   If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both.  18 U.S.C. § 3615

**RESTITUTION**

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law.  18 U.S.C. § 3663

**APPEAL**

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1.  That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2.  Give bond for payment thereof.

18 U.S.C. § 3572(g)

**PAYMENTS**

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court<br>106 Gene Snyder U.S. Courthouse<br>601 West Broadway<br>Louisville, KY  40202<br>502/625-3500 |
| BOWLING GREEN: | Clerk, U.S. District Court<br>120 Federal Building<br>241 East Main Street<br>Bowling Green, KY  42101<br>270/393-2500 |
| OWENSBORO: | Clerk, U.S. District Court<br>126 Federal Building<br>423 Frederica<br>Owensboro, KY  42301<br>270/689-4400 |
| PADUCAH: | Clerk, U.S. District Court<br>127 Federal Building<br>501 Broadway<br>Paducah, KY  42001<br>270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.