UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                         Criminal Action Nos. 3:22-cr-47-BJB
                                                                                 3:22-cr-48-BJB
BRYAN ANDREW WILSON

\* \* \* \* \*

## ORDER FOLLOWING ENTRY OF GUILTY PLEAS AND SETTING SENTENCING HEARING

The Court held an initial appearance, arraignment, and plea hearing concerning Defendants Bryan Andrew Wilson and Curt Flynn on June 21, 2022. Stephanie Zimdahl and David R. Weiser, Assistant United States Attorneys, represented the United States. Brian Butler, retained counsel, represented Mr. Wilson. Scott Miller, retained counsel, represented Mr. Flynn. Becky Boyd took down the proceedings as the Court's official reporter.

1. At the start of case no. 3:22-cr-47, which concerned both Defendants, the United States moved to seal the entire case. DN 5. Magistrate Judge Edwards granted the motion (DN 10). Case no. 3:22-cr-48 concerns only Mr. Wilson, and was reassigned to Judge Beaton in the interest of judicial efficiency. DN 7. Before the Court ruled on the United States's motion to seal that case, DN 4, the United States moved without opposition to unseal both cases. The Court grants that motion, unseals case no. 3:22-cr-47, and denies as moot the pending motion to seal in case no. 3:22-cr-48 (DN 4).

2. The Court further granted the United States' motion to consolidate the two cases for purposes of a combined arraignment and plea hearing for Mr. Wilson in the interest of judicial efficiency. Both Defendants, through counsel, agreed with this course. This order should not be construed as joining the cases in a single information under Federal Rule of Criminal Procedure 13. *See, e.g.*, *United States v. Park*, 531 F.2d 754, 760 (5th Cir. 1976) (discussing consolidation of criminal indictments for trial).

3. The parties filed executed waivers of indictment in open court for the indictments in case nos. 3:22-cr-47 and 3:22-cr-48. Following the waivers, Mr. Wilson acknowledged his identity and was arraigned on the Informations in case nos. 3:22-cr-47 and 3:22-cr-48 pursuant to Rule 10 of the Federal Rules of Criminal Procedure. Mr. Wilson, by counsel, advised the Court of his desire to enter a plea of guilty to

Count 1 of the Information in case no. 3:22-cr-47 and Count 1 of the Information in case no. 3:22-CR-48, in accordance with a plea agreement and Federal Rule of Criminal Procedure 11(c)(1)(B).

4.     The Court found Mr. Wilson competent to enter the plea. The Court further found the plea to be knowing, voluntary, entered into with the advice of counsel, and supported by a factual basis. In response to the Court's description of Mr. Wilson's constitutional rights, Mr. Wilson advised the Court that he understood and waived those rights. The Court also explained that Mr. Wilson would not have a right to withdraw the plea if the Court does not follow the government's recommendation or request.

5.     Based on these findings, waivers, and discussions, the Court:

   a. Accepts Mr. Wilson's plea of guilty on Count 1 of the Information in case no. 3:22-cr-47 and Count 1 of the Information in case no. 3:22-CR-48 under a Rule 11(c)(1)(B) plea agreement executed by all parties to this case.
   b. Orders the Clerk of Court to file the mandatory plea supplement under seal.
   c. Orders the Clerk of Court to enter the plea agreement and sealed supplement into the record.

In order to proceed under the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551–59, the Court sets the following deadlines:

6.     **July 6, 2022 – Probation meeting.** The Defendant and defense counsel shall meet promptly with the Probation Officer for an interview, and in no event later than 10 days from the date of this order. Defense counsel bears responsibility for contacting the Probation Officer to ascertain the time and place of the interview, unless the Defendant waives defense counsel's attendance.

7.     **August 26, 2022 – PSR.** Not less than 35 days before sentencing, the Probation Officer shall provide a copy of the Presentence Investigation Report to counsel for the Defendant and the United States. Counsel for the Defendant shall share and discuss the Report with the Defendant. The Court will deem the Presentence Investigation Report disclosed:

   (a)   the day when the Report is physically delivered to counsel;
   (b)   one day after the Report's availability is orally communicated to counsel; or

      (c)      three days after notice of the Report's availability is mailed to counsel, or the date of availability reflected in the notice, whichever is later.

8.      **September 9, 2022 – Objections**. Within 14 days thereafter, counsel shall contact the Probation Office and opposing counsel to identify and explain any objections to material information, sentencing classifications, sentencing guideline ranges, or policy statements relevant to the Report. Please make any objections in writing. **Counsel must provide notice to the Probation Office and opposing counsel by this deadline, even if no objection exists.**

      (a)      After receiving counsel's notice regarding any objections, the Probation Officer shall conduct any further investigation and make any revisions to the Presentence Investigation Report that may be necessary. The Probation Officer may require counsel for both parties to meet with the officer to discuss unresolved factual and legal issues.

      (b)      Except with regard to any objection made under Paragraph 8 that has not been resolved, the Court may accept the Presentence Investigation Report as accurate. The Court, for good cause shown, may allow new objections to be raised at any time before the imposition of the sentence. In resolving disputed issues of fact, the Court may consider any reliable information presented by the Probation Officer, the Defendant, or the United States.

9.      **September 10, 2022 – Scope of the hearing.** Not less than 20 days before sentencing, counsel shall confer regarding the scope of the sentencing hearing. Each side shall disclose whether it intends to argue for a non-guideline sentence, whether it intends to call witnesses, and if so, the nature of the testimony. The parties also shall disclose the identity of any expert witness, and if so a written summary of the witness's qualifications, opinions, and the bases and reasons for those opinions. For any sentencing in which testimony is expected, the parties shall estimate and promptly communicate the length of time required for the sentencing hearing by emailing Judge_Beaton_Chambers@kywd.uscourts.gov.

10.      **September 20, 2022 – PSR submission.** Not less than 10 days before sentencing, the Probation Officer shall submit the Presentence Investigation Report to the sentencing judge. The Report shall be accompanied by the written objections of counsel, an addendum setting forth the unresolved objections, and the Officer's responses. The Probation Officer shall provide a copy of any addendum and revisions to the Presentence Investigation Report to the Defendant, counsel for the Defendant, and the United States.

11.     **September 25, 2022 – Sentencing Memoranda.** Not less than 5 days before sentencing, the parties **shall file Sentencing Memorandums** in support of their respective positions on any unresolved objections to the PSR and the appropriate sentence for the Defendant, including any objections to the calculation of the advisory sentencing guidelines. If anyone requests a non-guideline sentence, that party's Sentencing Memorandum shall address any departures or variances requested, as well as the factors of 18 U.S.C. § 3553(a).

12.     **September 30, 2022 – Sentencing.** Judge Beaton will hold a **sentencing hearing** at **11:00 a.m. Eastern** at the Gene Snyder U.S. Courthouse in Louisville, Kentucky.

13.     The Court may modify the times set forth in this Order in response to a request supported by good cause. The 10-day period provided for disclosure of the Presentence Investigation Report, 18 U.S.C. § 3552(d), may be shortened only with the consent of each Defendant.

14.     Nothing in this Order requires the disclosure of any portions of the Presentence Investigation Report that are not disclosable under Federal Rule of Criminal Procedure 32.

Finally, the Court **ORDERS** that Mr. Wilson may remain out of custody on a $25,000 unsecured bond and other conditions set forth in a separate order.

Copies to:   Counsel of record
             U.S. Probation Office

Court Time:        1 hour 56 min
Court Reporter:    Becky Boyd

4